JP

### United States District Court for the Eastern District of Pennsylvania

| | | |
|---|---|---|
| Penney Rothmaller | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | Jury Trial Demanded |
| University of Pennsylvania Health System, | : | |
| Penn Medicine, Clinical Care Associates | : | |

**19   2390**

**FILED**

JUN 0 3 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

### *Complaint*

Plaintiff, Penney Rothmaller, brings a series of claims against Defendant, University of Pennsylvania Health System, Penn Medicine, Clinical Care Associates, of which the following is a statement:

### *Jurisdiction and Venue*

1.      This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).

2.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(c).

### *The Parties*

3.      Plaintiff, Penney Rothmaller, is an African-American female citizen of the United States.

4.      Defendant University of Pennsylvania Health System, Penn Medicine, Clinical Care Associates, is a research and clinical care organization based in Philadelphia. Founded in 1993, it currently operates as Penn Medicine, a division of the University of Pennsylvania. Clinical Care Associates (CCA) is comprised of Penn Medicine's community based primary and

specialty care physician practices and inpatient hospital groups. CCA has over 50 practice

locations, 210 physicians, 50 nurse practitioners and physician assistants and over 750 support

staff. Defendant has a principal place of business located at 250 King of Prussia Road, 4th Floor,

Radnor PA 19087. The acts set forth in this Complaint were authorized, ordered, condoned

and/or done by defendants' officers, agents, employees and/or representatives while actively

engaged in the management of defendants' business.

### *Background Facts*

5.      Mrs. Rothmaller was hired by defendant as a Practice Manager on March 12,

2012 and worked in that capacity until November 15, 2018 when she was terminated because of

her race.

6.      As part of her job responsibilities, Mrs. Rothmaller was required to review, edit,

and approve all of her subordinates's timecards bi-weekly; review overtime utilization and

manage appropriately, and manage employee and physician schedules and time off requests.

7.      Defendant has specific policies regarding the keeping of time records for non-

exempt employees. When an employee arrived for work or departed for the day, they were

required to account for their time by entering their arrival/departure time on the E-star time

system.

8.      Defendant's policy provided that for payroll purposes, an employee's time

records would be rounded to the nearest quarter hour. For example, if an employee arrived at

7:53 am for an 8:00 am shift, his or her time record, for payroll purposes, would indicate that the

employee began his or her shift at 8:00 am. However, if an employee arrived at 7:52 am for an

8:00 am shift, his or her time record, for payroll purposes, would indicate that the employee

began his or her shift at 7:45 am.

9.      The E-star time system was maintained on the first floor of the building where Mrs. Rothmaller worked, although she and her employees worked on the second floor.

10.     The first-floor area often was crowded with patients, and Mrs. Rothmaller encouraged her employees not to wait in that area, but to clock in and report to the second floor and wait there prior to the beginning of their shift.  When they did so, Mrs. Rothmaller would override the E-star system and report the employee as having started his or her shift at the correct time.

11.     Mrs. Rothmaller had been trained how to override the E-star system when it was first implemented by defendant, and later had conversations and received instructions about doing so from other employees of defendant.

12.     Defendant claimed that by altering employee time records in the manner described above, Mrs. Rothmaller was violating its policy because the employee was potentially shortchanged wages that s/he would have received had the time records not been changed.

13.     However, Mrs. Rothmaller was not aware of any policy that prohibited her from changing employee time records in the manner she did.  Moreover, changing time records in the manner she did was a long-standing practice amongst defendant's Practice Managers.

13.     On or about November 5, 2018, Ciara Jones, a subordinate employee of Mrs. Rothmaller, made a complaint against Mrs. Rothmaller regarding her time records.

14.     In response to the complaint, defendant allegedly conducted an investigation and discovered Mrs. Rothmaller's alleged timekeeping discrepancies.

15.     ˙ Defendant's alleged investigation of the employee complaint was a sham, inadequate and focused solely on the activities of Mrs. Rothmaller, despite the fact that she has

3

been following the long-standing practice of Practice Managers changing and editing employee time records.

16.     Non-Black Practice Managers routinely changed and edited time records in the same manner as Mrs. Rothmaller, but were not disciplined or terminated.

17.     On November 15, 2018, defendant terminated Mrs. Rothmaller's employment, allegedly for having violated its policies with respect to maintaining and altering of time records.

18.     Subsequent to Mrs. Rothmaller's termination, defendant instructed all of its Practice Managers to no longer change or edit time records in the manner that had been long-standing practice for Practice Managers, which Mrs. Rothmaller and Mrs. Young had followed.

19.     Also, subsequent to Mrs. Rothmaller's termination, on December 7, 2018, in apparent recognition of the fact that Mrs. Rothmaller had followed the long-standing practice of Practice Managers changing and editing employee time records, defendant convened a meeting of all Practice Managers regarding changing and editing time records, which included a discussion of defendant's policies regarding time records, and what was permitted under the policies and by law with respect to the changing and editing of time records.  At the conclusion of the meeting, the Practice Managers were required to sign a document acknowledging the training.

20.     Defendant had not prior to that meeting conducted any training for Practice Managers with respect to the changing and editing of time records, its related policies, or applicable legal requirements.

21.     Subsequent to Mrs. Rothmaller's termination, again as a result of an alleged investigation, defendant terminated Catrina Young, another Black Practice Manager, allegedly for violating defendant's policies regarding the maintaining and altering of time records.

22.     However, defendant never investigated any non-Black Practice Managers regarding the changing and altering of time records, despite its knowledge that changing and altering time records was a long-standing practice amongst Practice Managers.

23.     Defendant's termination of Mrs. Rothmaller was motivated by her race.

24.     Mrs. Rothmaller has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

25.     Defendant discriminated against Mrs. Rothmaller because of her race.

26.     By reason of defendant's discrimination, Mrs. Rothmaller suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

27.     Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Mrs. Rothmaller's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

28.     Plaintiff restates and realleges paragraphs 1-23, inclusive, as though set forth here in full.

29.     Mrs. Rothmaller had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

30.     Defendant's conduct described above deprived Mrs. Rothmaller of the rights, privileges and immunities guaranteed to her under Section 1981.

31.     By reason of defendant's conduct, Mrs. Rothmaller is entitled to all legal and equitable relief available under Section 1981.

### *Jury Demand*

32.     Mrs. Rothmaller hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Penney Rothmaller, respectfully prays that the Court:

a.     adjudge, decree and declare that defendants have engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981;

b.     order defendant to provide appropriate job relief to Mrs. Rothmaller, including reinstatement;

c.     enter judgment in favor of Mrs. Rothmaller and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d.     order defendant to pay the attorney's fees, costs and expenses and expert witness fees of Mrs. Rothmaller associated with this case;

e.     grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f.     retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Penney Rothmaller*

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

19-2390

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Penney Rothmaller

## DEFENDANTS
University of Pennsylvania Health system, Penn Medicine, Clinical Care Associates

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 1525, Philadelphia PA 19110  215 557 9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U S Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury · | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | Exchange ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS  Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 USC Section 1981
Brief description of cause
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  NONE
DOCKET NUMBER

DATE  06/03/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

JUN -3 2019

JP

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 2390

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia PA

Address of Defendant: Radnor PA

Place of Accident, Incident or Transaction: Radnor PA

***RELATED CASE, IF ANY:***

Case Number: N/A Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/03/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* 37692 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify)*: ______

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*: ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Robert T Vance Jr, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒ Relief other than monetary damages is sought.

DATE: 06/03/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* 37692 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JUN -3 2019

**JP**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **Penney Rothmaller** | : | CIVIL ACTION |
| v. | : | |
| **University of Pennsylvania** | : | |
| **Health System** | : | NO. **19    2390** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| **June 3, 2019** | **Robert T. Vance, Jr.** | |
| **Date** | **Attorney-at-law** | **Attorney for  Plaintiff** |
| 215 557 9550 | 215 278 7992 | rvance@vancelf.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN -3 2019